# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Patricia Adkisson,<br><br>        Plaintiff,<br><br>v.<br><br>Metropolitan Group Property & Casualty Insurance Company,<br><br>        Defendant. | Case No. 2:13-cv-2173-JAD-NJK<br><br>**Order Granting in Part and Denying in Part Motion to Bifurcate [#9]** |

    This is an insurance coverage dispute arising out of a motor vehicle accident on May 20, 2012, in which Plaintiff Patricia Adkisson. At the time of the accident, Plaintiff carried an Underinsured/Uninsured Motorist (UIM) insurance policy with Defendant Metropolitan Property & Casualty Insurance Company ("MetLife"), whom she alleges has denied her claim arising from this hit-and-run accident. In this action, removed from the state court on diversity grounds, Plaintiff alleges claims for breach of contract and bad faith. Docs. 1-1; 5.

    On January 2, 2014, MetLife moved to bifurcate the discovery and trial on the breach of contract/coverage claim from the bad faith claims, permitting discovery and trial on the bad faith issues to proceed if and only if a jury first finds in Adkisson's favor on the coverage claim. Doc. 9. On January 29, 2014, the parties submitted a stipulation for bifurcation to the Court for approval. Doc. 10. The Court conducted a hearing on the bifurcation request on February 4, 2014, *see* Doc. 12, and now grants in part and denies in part the motion and rejects the stipulation.

**Discussion**

Rule 42(b) of the Federal Rules of Civil Procedure authorizes the court to order a separate trial of any claim when separation is the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b). The propriety of bifurcation is committed to the sound discretion of the trial court. *Hirst v. Gertzen,* 676 F.2d 1252, 1261 (9th Cir. 1982).

The parties represent that the heart of this case is a $16,000 coverage dispute and propose that they be permitted to impanel a jury and try that claim to completion; if the Plaintiff is successful, then the Court would order six months of discovery on the bad faith issues, impanel a new jury, and allow another trial on the bad faith claims. Bifurcating the trial of the breach of insurance contract claim from the trial on the remaining bad faith claims is appropriate in this case. The parties agree that if Plaintiff does not prevail on her coverage claim, there can be no basis for concluding that MetLife acted in bad faith. Consequently, a favorable finding for MetLife on the breach of contract claim would eliminate the need for a second trial. Bifurcation thus would further the interest of expedient resolution of litigation. Moreover, bifurcation would simplify the issues for trial and reduce the possibility of undue prejudice by allowing the jury to hear evidence of bad faith only upon establishing that MetLife breached the insurance contract. The Court therefore finds that any trial regarding the breach of contract claim shall be bifurcated (and tried first) from the bad faith claims.

However, the Court finds that bifurcation of discovery is not warranted. Joint discovery is more convenient to the parties and will promote judicial economy. Any discovery disputes likely will pertain to both causes of action. And with joint discovery, the parties will be better informed with regard to settlement efforts. Finally, joint discovery will expedite resolution of the entire matter by permitting the second trial, if necessary, to commence immediately after the first and with the same jury, eliminating the need for a second voir dire process and the duplication that would be necessary to bring a second jury up to speed.

. . .

Accordingly, with good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Bifurcate Trial and Stay Bad Faith Discovery **[Doc. 9] is GRANTED to the extent that it requests a bifurcation of the trial on the breach of contract and bad faith claims; it is DENIED in all other respects.** Discovery on all claims shall continue jointly, and the trial of the bad faith claims shall commence with the same jury immediately following any verdict in favor of the Plaintiff on the breach of contract claim. The **Stipulation [Doc. 10] is rejected** in lieu of this Order.

DATED February 4, 2014.

_____
Jennifer A. Dorsey
United States District Court Judge